PHILLIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>               v.<br><br>APPROXIMATELY $32,340.00 IN U.S. CURRENCY,<br><br>               Defendant. | CASE NO.:  1:20-MC-00111-AWI<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 28, 2020, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $32,340.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in Fresno, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 27, 2020, USPIS received a claim from Sandra Castillo asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 23, 2020, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 1900 E Street, Fresno, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail parcel

number 9505 5122 3663 0141 5481 29.  The parcel was addressed to Sandra Castillo, P.O. Box #9898, Fresno, CA 93794, with the following return address: Cris Castillo, 8176 SW 56th Ave Rd, Ocala, FL 34476.  Law enforcement searched public records databases and were unable to identify Cris Castillo associated with the return address.  Contact was made with the Post Office that delivers to the Ocala, Florida address.  The postal carrier for that address told law enforcement that he delivers mail to Diana Ingalls and Kristen Montgomery but did not recognize Cris Castillo's name.

4. Law enforcement confirmed with the post office that delivers mail to P.O. Box 9898, Fresno, CA 93794 that Sandra Castillo is the applicant the post office box.

5. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States represents that it could further show at a forfeiture trial that on May 28, 2020, law enforcement obtained a search warrant to open Priority Mail parcel number 9505 5122 3663 0141 5481 29.  Inside the parcel was packing paper and a gift-wrapped box.  Inside the gift-wrapped box, law enforcement found a Sentry safe that contained multiple rubber-banded bundles of U.S. Currency secured in vacuum-sealed plastic.  The cash totaled $32,340.00.  The currency consisted mainly of $20 bills, making up $29,080.00 of the $32,340.00.  The package did not contain any notes, instructions, or receipts.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Sandra Castillo hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $28,340.00 of the Approximately $32,340.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $32,340.00 in U.S. Currency shall be returned to claimant Sandra Castillo through her attorney, Yan Shrayberman.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:   April 23, 2021

SENIOR  DISTRICT  JUDGE